**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEFANIA LAURA SANCHEZ CORREA, | Civil Action No. 26-4876 (RK) |
| Petitioner, | |
| v. | MEMORANDUM |
| DELANEY HALL DETENTION FACILITY, et al., | |
| Respondents. | |

Currently pending before the Court is a Petition for a writ of habeas corpus (ECF No. 1) and a motion for a preliminary injunction ("PI Motion") (ECF No. 12) seeking immediate release pending adjudication of her habeas petition. For the reasons explained below, the Court GRANTS the habeas petition and terminates the PI Motion based on the relief provided in the underlying Petition.

The following facts appear undisputed. Petitioner is a citizen of Colombia and entered the United States on or about November 17, 2024, without being admitted, inspected, or paroled by an immigration officer. (ECF No. 10-1 at 2 (2026 Form I-213).) Immigration officials encountered Petitioner on November 18, 2024, and issued her a Notice and Order of Expedited Removal. (*Id.*; *see also* ECF No. 10-3 (Notice and Order of Expedited Removal).) On November 20, 2024, an asylum officer conducted a credible fear interview and made a negative screening determination. (*Id.* at 2.) Petitioner sought review of that decision by an immigration judge ("IJ"), who vacated it after finding she had a credible fear of persecution. (ECF No 10-4 (Notice of Referral to IJ; ECF No. 10-5 (Credible Fear IJ Review Order).) Petitioner was issued a Notice to Appear ("NTA") on

November 23, 2024, and placed in full immigration removal proceedings. (ECF No. 10-6 (Notice to Appear).)

Immigration officials released Petitioner from custody on November 24, 2024, noting that she was released under parole until January 17, 2025, pursuant to ICE's authority under section 212(d)(5)(A) of the Immigration and Nationality Act. (ECF No. 10-7 (Parole Document).) As a condition of her parole, Petitioner was required to report to Immigration and Customs Enforcement ("ICE") as part of the Compliance Assistance Reporting Terminal ("CART") program. (ECF No. 10-1 at 2.)

Petitioner subsequently married a United States citizen, and, on August 27, 2025, her husband filed a Form I-130, Petition for Alien Relative on her behalf. (*Id.* at 16-17 (Form I-130); *see also id.* at 34 (Marriage Certificate).)

On April 10, 2026, Petitioner reported to ERO Newark for a CART appointment, and she was arrested and detained her pending her removal proceedings. (ECF No. 10-1 at 3.) She has no criminal history or gang or terrorist affiliation (*id.* at 3-4), and it appears she was compliant with the terms of her parole. Nevertheless, on April 23, 2026, an IJ denied bond finding that she was subject to mandatory detention under 8 U.S.C. § 1225(b) because she was transferred from expedited to full removal proceedings. (ECF No. 1-2 at 8 (IJ Order (Apr. 23, 2026)).) On April 28, 2026, the IJ again found it lacked jurisdiction to release her on bond. (*Id.* at 10 (IJ Order (Apr. 28, 2026)).)

Petitioner filed the instant Petition on April 30, 2026, seeking release or a bond hearing under 8 U.S.C. § 1226(a). (ECF No. 1.) She was ordered removed by an IJ on May 13, 2026 (ECF No. 10-8 (Removal Order), but has appealed that determination to the Board of Immigration Appeals ("BIA"). (ECF No. 11-1 (EOIR Appeal).)

2

On June 9, 2026, after the briefing in this matter concluded, Petitioner filed a PI Motion seeking her immediate release pending a decision on the instant Petition. Through her counsel and her husband's declaration, Petitioner contends that she has health complications including migraines and vomiting and a documented allergy to Ketorolac and related NSAID medications.[1] (ECF No. 12, 12-1 (Declaration of Alejandro Herrera).)

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

It appears beyond dispute that Petitioner does not have a final order of removal and was originally subject to detention under § 1225(b)(1) when she was initially apprehended in 2024. At issue is whether she is still subject to mandatory detention following her parole under § 1182(d)(5)(A). Respondents contend that Petitioner falls under the mandatory detention requirements of § 1225(b)(1) because she was initially processed for expedited removal and the "entry fiction" requires this Court to treat her as though she is still at the border despite being paroled. This is true, Respondents say, despite the fact that she has no criminal history, has complied with her parole requirements, and has a pending application to adjust status based on her marriage to a United States citizen.

---

[1] Her petition also alleges that she has hypertension and a rare blood clotting disorder. (ECF No. 1, Petition at ¶ 10.)

3

The Third Circuit has not directly addressed the detention status of noncitizens such as Petitioner who were initially processed for expedited removal but later found to have a credible fear of removal and paroled under § 1182(d)(5)(A). Several courts in this District have found that such noncitizens may be lawfully detained without the opportunity for bond when their parole is revoked or ends. *See, e.g., Faqirzada v. Rokosky*, No. 25-16639 (MAS), 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026). In recent months, however, the majority of courts in this circuit and elsewhere have analyzed the plain language of §§ 1182(d)(5)(A) and 1225(b)(1) and found that noncitizens do not necessarily return to the detention status they held prior to parole and may not be mandatorily detained under § 1225(b)(1) if they are detained years later in the interior of the United States.[2] *See Rivas Rodriguez*, No. 25-17419, 2025 WL 3485628, at *2 (Dec. 3, 2025); *Murillo-Castillo v. Florentino*, No. 25-16728, 2026 WL 1383062, at *6 (D.N.J. May 18, 2026); *Guzman v. Bondi*, No. 26-1250, 2026 WL 1534682, at *3-4 (D.N.J. Jun. 1, 2026); *see also Nimaga v. Francis*, 26-2868, 2026 WL 1656049, at *5 (E.D.N.Y. Jun. 8, 2026) (noting that the majority of district courts have found that a § 1226(a) governs the detention of noncitizens who were initially detained under § 1225(b)(1) but later granted parole under § 1182(d)(5)(A)). The Court finds the latter decisions more persuasive, particularly with respect to Petitioner who is married to a United States citizen and is seeking to adjust status. *See Murillo-Castillo*, 2026 WL 1383062, at *6 (D.N.J. 2026) (noting that interpreting these statutes to require mandatory detention of noncitizens who have formed significant ties in the United States would raise due process concerns).

For these reasons, the Court grants the Petition (ECF No. 1) and directs Respondents

---

[2] And although there is some support for Respondents' interpretation in administrative decisions and regulations, federal courts "must exercise independent judgment in determining the meaning of statutory provisions." *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024) (overruling *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)).

4

to provide Petitioner with an individualized bond hearing within seven (7) days as set forth in the accompanying Order. The Court declines to reach the PI Motion (ECF No. 12) seeking interim release because it has decided the underlying petition, and Petitioner may be released as a result of the bond hearing.

ROBERT KIRSCH
United States District Judge

5